UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

LESLIE CONKLIN,                                  :
                                                 :
                    Plaintiff,                   :
                                                 :          16-cv-2515 (KBF)
          -v-                                    :
                                                 :          MEMORANDUM
SPECIALIST, LLC, et al.,                         :          DECISION & ORDER
                                                 :
                    Defendants.                  :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: October 6, 2017

------------------------------------------------------------ X

YIRDA GUERRERO-HERNANDEZ,                         :
                                                 :
                    Plaintiff,                   :          16-cv-3579 (KBF)
                                                 :
          -v-                                    :          MEMORANDUM
                                                 :          DECISION & ORDER
SPECIALIST, LLC, et al.,                         :
                                                 :
                    Defendants.                  :
------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

     Before the Court is defendant Weeks Marine, Inc.'s ("Weeks Marine") motion

to dismiss the affirmative unseaworthiness claims asserted by claimants Leslie

Conklin, individually and as Administratrix of the Estate of Timothy S. Conklin

(referred to as "Conklin"), and Yirda Guerro-Hernandez, individually and as

Administratrix of the Estate of Harry Hernandez (referred to as "Hernandez")

(collectively, the "claimants").  (ECF[1] Nos. 50, 53.)  For the reasons set forth below,

defendant's motion is GRANTED.

---

[1] All references to ECF in this Memorandum Decision & Order are to the case captioned 16-cv-2515
(KBF) unless otherwise noted.

## I.    BACKGROUND

Conklin and Hernandez were both seamen employed aboard the towing vessel "SPECIALIST".  (See First Amend. Compl. ("Conklin Initial Compl.") ¶ 19, ECF No. 11; Compl. ("Hernandez Initial Compl.") ¶ 19, 16-cv-3579 ECF No. 1.) [2]  On March 12, 2016, the SPECIALIST, along with the towing vessels "REALIST" and "TREVOR", comprised a flotilla transporting the crane barge 533 southbound along the Hudson River.  (Conklin Initial Compl. ¶ 20; Hernandez Initial Compl. ¶ 20.)[3] On that date, SPECIALIST and REALIST are alleged to have had an allision with another crane barge, "N181".  (Amend. Claim of Leslie Conklin ("Conklin Amend. Claim") ¶ 7, ECF No. 50; Amend. Claim of Yirda Guerrero-Hernandez ("Hernandez Amend. Claim") ¶ 7, ECF No. 53.)  As a result of the allision, both Conklin and Hernandez are alleged to have suffered serious personal injuries and died.  (Conklin Amend. Claim ¶ 7; Hernandez Amend. Claim ¶ 7.)

Weeks Marine is alleged to have owned, chartered, manned, operated, maintained, or otherwise controlled the TREVOR, as well as crane barge 533. (Conklin Amend. Claim ¶ 3-4; Hernandez Amend. Claim ¶ 3-4.)  Claimants also allege that, as part of a flotilla, each of TREVOR, SPECIALIST, and REALIST were

---

[2] In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12, a court may consider, inter alia: (1) the complaint itself; (2) documents incorporated into the complaint by reference; (3) matters of which the court may take judicial notice; and (4) documents that are "integral" to the complaint.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002).  Here, the Court takes judicial notice of the allegations contained in the claimants' initial complaints, which were publicly filed in this court, concern the same exact event, and are integral to the amended claims.

[3] Both the Conklin and Hernandez initial complaints assert that the crane barge was "553".  The amended pleadings, however, reference the crane barge "533", and Weeks Marine references crane barge "533".  Accordingly, the Court believes the reference to crane barge "553" in Conklin and Hernandez's initial complaints was a typographical error.

the "dominant mind" in connection with the towing operation. (Conklin Amend. Claim ¶ 6; Hernandez Amend. Claim ¶ 6.)

## II.   LEGAL PRINCIPLES

### A.  Motion to Dismiss Standard

At the motion to dismiss stage, a court must construe the complaint liberally, accepting all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the non-moving party. Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001), as amended (Apr. 20, 2001). A complaint survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The complaint must allege "more than a sheer possibility that a defendant has acted unlawfully" and more than "facts that are merely consistent with a defendant's liability." Id. (internal quotation marks omitted). Application of this standard is "context-specific," and requires the reviewing court to "draw on its judicial experience and common sense." Id. at 679. The Court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id. at 678 (internal quotation omitted).

III.    THE UNSEAWORTHINESS CLAIMS[4,5]

While they disagree as to scope, the claimants and Weeks Marine agree that an unseaworthiness claim may only be asserted by a limited group of people, including seaman and certain others who are injured while performing a seaman's duties.  See, e.g., Seas Shipping Co. v. Sieracki, 328 U.S. 85, 99 (1946); Klarman v. Santini, 503 F.3d 29, 33 (2d Cir. 1974).  Case law provides that when a worker is (1) aboard a vessel naturally and primarily as an aid to navigation, Harney v. William Moore Building Corp., 359 F.2d 649, 654 (2d Cir. 1966), (2) is performing more than temporary or transitory seaman's work aboard such vessel, and (3) is exposed to a seaman's hazards in connection with such work, he may maintain a claim for unseaworthiness.  Klarman, 503 F.2d at 33.  The resolution of this motion therefore depends on whether, at the time of the allision, Conklin and Hernandez were seamen, performing seaman's work, on board any Weeks Marine vessel.  Based on the plain and clear allegations of the two Amended Claims, the answer here must be "no".

In their Amended Claims, neither Conklin nor Hernandez allege that they were, at any point, performing seamen's work in more than a temporary or transitory capacity aboard a Weeks Marine vessel.  In fact, neither Conklin nor

---

[4] Both Conklin and Hernandez have also asserted affirmative defenses of unseaworthiness in response to Week's Marine's claims; those defenses are not at issue in this motion and would remain even if this motion were granted.

[5] Although she has not raised an affirmative unseaworthiness claim, claimant Donna Amon, individually and as Administratrix of the Estate of Paul Amon (referred to as "Amon"), nonetheless filed a response in opposition to Weeks Marine's motion to dismiss such claims.  (Claimant Donna Amon's Mem. of Law in Opp'n, 16-cv-4643, ECF No. 167.)  The Court notes that this Memorandum Opinion & Order does not address any of the claims asserted by Amon in this action.

Hernandez allege that they were ever on board a Weeks Marine vessel at all. At best, the claimants assert that the vessel on which they were performing a seaman's duties—the SPECIALIST—was in a flotilla with two Weeks Marine vessels. (Conklin Amend. Claim ¶ 5-7; Hernandez Amend. Claim ¶ 5-7.) And yet, the claimants' allegations stop there—they do not go on to allege that as part of that flotilla they were in essence "on board" each of the vessels so engaged, and were in essence performing a seaman's duties "on board" such vessel. The mere allegation of being part of a flotilla is insufficient to support a claimant's status as a seaman on board each vessel, let alone that the specific work in which he was engaged can constitute a seaman's work on board such vessel.

Accordingly, the claimants' allegations are insufficient as a matter of law to support affirmative unseaworthiness claims against the Weeks Marine vessels. Weeks Marine's motion to dismiss is therefore GRANTED.

The Clerk of Court is directed to terminate the following open motions in these and related cases:

- ECF No. 82 in 16-cv-2515;

- ECF No. 66 in 16-cv-3579;

- ECF No. 77 in 16-cv-3353;

- ECF No. 156 in 16-cv-4643;

- ECF No. 108 in 16-cv-5010; and

- ECF No. 86 in 16-cv-7001.

SO ORDERED.

Dated:     New York, New York
           October 6, 2017

_____
          KATHERINE B. FORREST
          United States District Judge